IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC<br><br>            Plaintiff,<br>v.<br><br>FANTASIA TRADING, LLC D/B/A ANKERDIRECT and ANKER INNOVATIONS LIMITED;<br><br>            Defendant. | Case No.: __ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CogniPower LLC ("CogniPower" or "Plaintiff") files this Complaint against Defendants Fantasia Trading LLC d/b/a AnkerDirect ("AnkerDirect") and Anker Innovations Limited ("Anker Innovations") (collectively, "Anker" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. On December 18, 2019, CogniPower previously filed suit against Defendants in *CogniPower LLC v. Fantasia Trading, LLC D/B/A Ankerdirect*, et al, Civil Action No. 19-cv-2293 (D. Del.) ("Anker Case I"), which asserted the same patents at issue in this action, against different accused products. The Anker Case I is currently pending.

**THE PARTIES**

3. CogniPower is a limited liability company organized under the laws of the State

1

of Delaware with its principal place of business at 3217 Phoenixville Pike, Malvern, Pennsylvania 19355.

4. Fantasia Trading LLC d/b/a AnkerDirect is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 5350 Ontario Mills Pkwy, Suite 100, Ontario, CA 91764.  AnkerDirect can be served through its registered agent Business Filings Incorporated at 108 W. 13th Street, Wilmington, Delaware 19801.

5. Anker Innovations Limited is a Hong Kong company with a principal place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, People's Republic of China, and can be served at this address.  Upon information and belief, AnkerDirect is a wholly owned subsidiary of Anker Innovations.

## JURISDICTION AND VENUE

6. This patent infringement action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

8. Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Delaware Long Arm Statute. Defendants offer to sell and sell infringing products and services throughout the United States, this State, and this District, and introduce infringing products and services into the stream of commerce knowing that they will be sold in the United States, this State, and this District.

9. This Court has personal jurisdiction over Defendants under the United States Constitution, the State Laws of Delaware, including any long-arm statute, and/or the Federal

Rules of Civil Procedure, including Fed. R. Civ. P. 4(k)(2), and the supplemental jurisdiction statute, 28 U.S.C. § 1367. Defendants have sufficient minimum contacts with this District at least because they have continuously and systematically solicited and/or transacted business in this District such that this Court has personal jurisdiction.

10. Personal jurisdiction also exists over Defendants because they, directly, through, or in consort with subsidiaries, affiliates, or intermediaries, some or all of which are Defendants' agents or alter egos, make, use, sell, offer for sale, import, advertise, make available, and/or market products and services within the United States, this State, and this District that infringe one or more claims of the asserted patents.

11. AnkerDirect is subject to this Court's general and specific personal jurisdiction due to its incorporation in the State of Delaware and the substantial business it does in this forum. Venue is proper in this District under 28 U.S.C. § 1400(b) because AnkerDirect is incorporated in and a resident of this District.

12. Anker Innovations is subject to this Court's specific personal jurisdiction due to its continuous and systematic contacts with the State of Delaware. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Anker Innovations is a foreign company doing business in the United States at least through AnkerDirect.

13. In Anker Case I, Defendants did not contest that this Court has personal jurisdiction or venue is proper for purposes of the action.

## JOINDER

14. Defendants are properly joined under 35 U.S.C. §§ 299(a)(1) and 299(a)(2).

15. CogniPower asserts a right to relief against these parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or

occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products.

16. Defendants are alleged to infringe the CogniPower Patents with respect to the same products as described hereinafter. Common questions of fact that will arise including, for example, whether the accused products have features that meet the limitations of one or more claims of the CogniPower Patents and what damages are adequate to compensate the CogniPower for infringement.

## ASSERTED PATENTS

17. CogniPower is the owner and assignee of U.S. Reissue Patent No. RE47,031 (the "`031 Patent"), entitled "Power converter with demand pulse isolation." The `031 Patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the `031 Patent is attached as Exhibit 1.

18. CogniPower is the owner and assignee of U.S. Reissue Patent No. RE47,713 (the "`713 Patent"), entitled "Power converter with demand pulse isolation." The `713 Patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the `713 Patent is attached as Exhibit 2.

19. The `031 and `713 Patents are collectively the "CogniPower Patents." CogniPower is in compliance or has complied with the requirements of 35 U.S.C. § 287(a), to the extent those requirements apply to CogniPower.

## ACCUSED INSTRUMENTALITIES

20. Defendants make, use, sell, and/or offer to sell in, and/or import into, the United States products that infringe one or more claims of the CogniPower Patents (the "Accused Instrumentalities").

21. The Accused Instrumentalities include Defendants' products that comprise or otherwise implement power conversion, management and regulation using demand pulse regulation technology. Appendix A provides a non-exhaustive list of the Accused Instrumentalities. For avoidance of doubt, the Accused Instrumentalities in this case do not include the Accused Instrumentalities in the Anker I case, which currently comprise the following Anker models:

| | |
|---|---|
| PowerPort Atom PD1 (GaN) | A2017 |
| PowerPort Atom PD2 (GaN Tech) | A2029 |
| PowerPort Atom III Slim | A2614 |
| PowerPort Atom III Slim (Four Ports) | A2045 |
| PowerPort+ Atom III (2 Ports) | A2322 |
| PowerPort C1 | A2018 |
| PowerPort PD 2 | A2625 |
| PowerCore Fusion 5k PD/ PowerCore III Fusion 5K | A1624 |
| 18W Power Delivery USB C Charger (aka PowerPort PD 1) | A2019 |
| PowerPort III Nano | A2616 |

22. On information and belief, the Accused Instrumentalities in this case and/or their relevant internal functionality were not publicly or commercially known, disclosed, and/or released at the time the Anker I Case was filed.

23. For example, the Accused Instrumentalities are configured with controller chips that Defendants source from Power Integrations, Inc. ("Power Integrations"), which include the Power Integrations InnoSwitch family of chips, including InnoSwitch, InnoSwitch3, InnoSwitch4, and subsequent generations.

24. Accused Instrumentalities may be offered in the same model or different versions that comprise or implement the same or different InnoSwitch chips. On information and belief, they are the same in relevant part in circuit design, including components and configurations, and operations, such that there are no differences among the InnoSwitch families that are material to the asserted patents and claims. Because certain features and components of the accused

5

instrumentalities are not publicly available or determinable from simple inspection, CogniPower herein relies on publicly reported identification of the features and components of the accused instrumentalities.

## COUNT I  (INFRINGEMENT OF THE `031 PATENT)

25. The `031 Patent is presumed valid.

26. Defendants have infringed and continue to infringe the '031 Patent, including at least claim 1.  Appendix B details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example.  The Accused Instrumentalities are materially the same with respect to infringement of this patent.

27. Defendants' infringement of the '031 Patent is knowing and willful, as addressed further below.

## COUNT II  (INFRINGEMENT OF THE `713 PATENT)

28. The `713 Patent is presumed valid.

29. Defendants have infringed and continue to infringe the '713 Patent, including at least claim 18.  Appendix C details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example.  The Accused Instrumentalities are materially the same with respect to infringement of this patent.

30. Defendants' infringement of the '713 Patent is knowing and willful, as addressed further below.

## NOTICE AND INFRINGEMENT

31. Defendants had actual notice of the CogniPower Patents and their infringing conduct since at least the filing of Anker Case I.

32. Defendants had actual notice that the Accused Instrumentalities in this case are

accused of infringing the CogniPower Patents. For example, on September 4, 2024, CogniPower served Defendants with draft infringement contentions addressing how the Accused Instrumentalities infringe the CogniPower Patents on an element-by-element basis. Notwithstanding this notice, Defendants have deliberately and willfully continued to sell the Accused Instrumentalities in violation of CogniPower's patent rights.

33. On information and belief, Defendants have undertaken no efforts to design around or otherwise stop using the CogniPower Patents.

34. Defendants have committed and continue to commit acts of direct infringement of the CogniPower Patents by making, using, selling, offering to sell, and/or importing in and into the United States, this State, and this District the Accused Instrumentalities, without the authority of CogniPower.

35. Defendants have infringed and continue to infringe literally and/or under the doctrine of equivalents at least claim 1 of the '031 Patent and claim 18 of the '713 Patent.

36. Defendants have been and are indirectly infringing the CogniPower Patents by actively inducing or contributing to the direct infringement by others of the CogniPower Patents, in the United States, this State, and this District.

37. Defendants have induced and continue to induce their subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers of Accused Instrumentalities, to directly infringe the CogniPower Patents by making, using, selling, offering to sell, and/or importing into the United States the Accused Instrumentalities through affirmative acts.

38. The affirmative acts of inducement by Defendants include, but are not limited to, any one or a combination of encouraging and/or facilitating third-party infringement through the

advertisement, marketing, and dissemination of the Accused Instrumentalities and their components; and creating and publishing promotional and marketing materials, supporting materials, product manuals, and/or technical support and information relating to the Accused Instrumentalities.

39. Defendants specifically intended and were aware that the ordinary and customary use of the Accused Instrumentalities would infringe the CogniPower Patents.

40. Defendants knew that the induced conduct would constitute infringement, and intended said infringement at the time of committing the aforementioned acts, such that those acts and conduct have been and continue to be committed with the specific intent to induce infringement, or to deliberately avoid learning of the infringing circumstances at the time those acts were committed, so as to be willfully blind to the infringement they induced.

41. Defendants took active steps to encourage end users to use and operate the Accused Instrumentalities, despite knowing of the CogniPower Patents, in a manner they knew directly infringes each element of the claims of the CogniPower Patents. Further, Defendants provided product manuals and other technical information that cause their subsidiaries and affiliates, customers and other third parties to use and to operate the Accused Instrumentalities for their ordinary and customary use, such that Defendants' subsidiaries and affiliates, customers and other third parties have directly infringed the CogniPower Patents, through the normal and customary use of the Accused Instrumentalities.

42. Defendants have contributed and continue to contribute to the infringement of their subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers of Accused Instrumentalities, to directly infringe the CogniPower Patents by offering to sell, selling or importing within or into the United States, this State and this District a

component of the Accused Instrumentalities, which constitutes a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

43.  Defendants knew and know that the component is especially made or adapted to infringe the CogniPower Patents.

44.   Despite having obtained knowledge of the CogniPower Patents and receiving notice of its infringing conduct, Defendants continued to infringe.  Defendants knew or should have known that their conduct constituted infringement of the CogniPower Patents.  Defendants are liable for infringement of the CogniPower Patents and that infringement has been and continues to be willful and deliberate in nature.

45.  CogniPower has incurred and will continue to incur substantial damages; and has been and continues to be irreparably harmed by Defendants' infringement.  Therefore, CogniPower is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre- and post-judgment interest, enhanced damages, ongoing royalties, attorney fees, and costs, and all other available legal and equitable remedies.

## DEMAND FOR JURY TRIAL

46.  Pursuant to Fed. R. Civ. P. 38, CogniPower demands a trial by jury of all causes of action that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, CogniPower respectfully requests that this Court enter judgment for CogniPower and against Defendant as follows:

A.  An adjudication that each Defendant has infringed each of the CogniPower Patents;

B.  An adjudication that each Defendant's infringement is or has been willful;

  C. An award of damages to be paid by Defendants adequate to compensate CogniPower for Defendants' past infringement and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  D. An award of enhanced and/or trebled damages under 35 U.S.C. § 284;

  E. A declaration that this case exceptional and award CogniPower its reasonable attorney fees and costs incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285.

  F. An injunction enjoining Defendants and their subsidiaries, and their officers, agents, servants, employees, and all persons in active concert with any of the foregoing from further infringement of the CogniPower Patents, and/or ongoing royalties;

  G. An award to CogniPower of such further relief at law or in equity as the Court deems just and proper.

Dated: January 16, 2025

Of Counsel

Jason G. Sheasby
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 203-7096
jsheasby@irell.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff CogniPower LLC*